```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT
```

Charles Chandler,                :
        Plaintiff,                :
                                  :
        v.                        :        File No. 1:07-CV-251
                                  :
Michael Fontaine, Wayne          :
Winot, Robert Holden,            :
John Feifel, Alan Sands,         :
        Defendants.               :

<u>OPINION AND ORDER</u>
(Papers 46, 48 and 49)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming that the defendants have violated his civil rights. Pending before the Court is a motion to dismiss on behalf of defendants Fontaine, Winot, Holden and Feifel (Paper 46) claiming that they have not been properly served.[1] Plaintiff Chandler has filed two motions for summary judgment (Papers 48 and 49). For the reasons set forth below the motions are DENIED, but Chandler must properly serve the moving defendants within 30 days.

I. <u>Defendants' Motion to Dismiss</u>

The defendants argue that Chandler has failed to properly serve them within 120 days of the filing of the complaint as required under Fed. R. Civ. P. 4(m). The complaint in this case was filed on November 20, 2007. "When a defendant raises a Rule

---

[1] The Court notes that defendant Alan Sands is not a movant. Accordingly, any reference herein to "defendants" does not include Sands.

12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

Chandler responds to the defendants' motion with an affidavit from Leo Dupont, the individual who undertook the task of effecting service. Dupont's affidavit first addresses service upon defendant John Feifel, asserting that he left a copy of the complaint at Feifel's home on November 21, 2007. Dupont claims that Feifel was home at the time, but refused to come to the door. He therefore left the complaint "on [Feifel's] door then called him 10 minutes later to make sure he received it." (Paper 48-3 at 1). Feifel allegedly acknowledged to Dupont that he had received the complaint, and warned Dupont not to come on his property again. Id.

Dupont next addresses service upon defendants Fontaine, Winot and Holden. These defendants, Dupont explains, were served "by way of their agent Todd Lawley." Id. Dupont describes Lawley as the "Defendants['] Chief." Id. The defendants report that Lawley is the Chief of a volunteer fire department, and that they are volunteers within that department. Dupont claims that Lawley assured him of his ability to accept complaints and summonses on behalf of his volunteers, and "guaranteed" that they would receive them. While Lawley denies having made such

2

statements, the defendants contend that his alleged assurances are immaterial. (Paper 53 at 2).

The defendants argue that Chandler's attempts at service failed to comply with the Federal Rules, and that dismissal is in order. Under Rule 4(e), service upon an individual must be made either in accordance with state law, or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Under Vermont law the requirements are nearly identical, adding only that service may be made by publication or "by leaving a copy of the summons and of the complaint at the defendant's dwelling house or usual place of abode" upon a showing that service cannot otherwise be made with due diligence and upon order of the court. Vt. R. Civ. P. 4(d)(1).

Chandler contends that the defendants "received this complaint as required by law," and references the Dupont affidavit. (Paper 49 at 1). The Dupont affidavit, however, does not establish that the defendants were properly served. With respect to defendant Feifel, service was not effected upon him personally, or by leaving papers at his home "with someone of

3

suitable age and discretion who resides there." Fed. R. Civ. P. 4(e). The fact that Feifel took possession of the papers after they were left at his door is insufficient. See Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("actual notice" of action does not cure insufficient service).

Service on the remaining movants was also insufficient. Although Rule 4 allows service upon an agent, that agent must be "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); see also Vt. R. Civ. P. 4(d)(1). An agent's statements as to his authority to accept service are insufficient to prove either appointment or authorization by law. See In re Roussopoulos, 198 B.R. 33, 39 (Bankr. E.D.N.Y. 1996) (citing Schultz v. Schultz, 436 F.2d 635, 639 (7th Cir. 1971)); Whisman v. Robbins; 712 F. Supp. 632, 636 (S.D. Ohio 1988) (citing cases); 2 *Moore's Federal Practice* ¶ 4.10[4], at 4-176 ("The agent's acceptance of service, or his own statement as to his authority, is insufficient, standing alone, to establish authorization to receive process.").

Here, Dupont attempted service by leaving copies of the complaint with the Chief of the volunteer fire department. Even if the Court accepts the assertion that the Chief confirmed his authority to accept service, there is no other indication that the defendants authorized him to act as their agent, or that he was authorized by law to do so. Therefore, and notwithstanding

4

the Chief's alleged assurances, the remaining defendants were not served in compliance with Rule 4.

Despite Chandler's failure to comply with the Federal Rules, dismissal is not warranted at this time. See, e.g., Bender v. Gen. Servs. Admin, 2006 WL 988241, at *4 (S.D.N.Y. Apr. 14, 2006) (where service has not been proper, court has broad discretion to either dismiss or to quash improper service and extend time for service); Tishman v. Assoc. Press, 2005 WL 3466022, at *1 (S.D.N.Y. Dec. 16, 2005) (same). Rule 4(m) provides that upon a showing of "good cause" for a failure to effect proper service, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Courts also "have discretion to grant extensions even in the absence of good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Such discretion should be exercised after a "weighing of overlapping equitable considerations." Id. at 197; see also Bender v. Gen. Servs. Admin., 539 F. Supp. 2d 702, 705 (S.D.N.Y. 2008).

In this case, the equitable considerations favor granting Chandler additional time to effect proper service. First, he is proceeding here *pro se*, and is therefore accorded additional leeway in order that his case be decided on the merits. Spencer v. Doe, 139 F.3d 107, 111-12 (2d Cir. 1998). "Second, and more importantly, defendants have not demonstrated any prejudice from plaintiff's failure to effect proper service." Bender, 539 F.

5

Supp. 2d at 705. It appears from the papers that the defendants have actual notice of the lawsuit, have retained counsel, and once served will be able to participate in all aspects of the case, including full discovery. There has also been a suggestion that, with respect to defendant Feifel, there was an effort to avoid service. "In such a situation, the interests of justice would not be served by dismissal of a claim on purely technical grounds." Id.

Accordingly, the motion to dismiss for insufficient service is DENIED. Chandler shall effect service upon defendants Feifel, Fontaine, Winot and Holden within 30 days of the date of this Opinion and Order. Failure to effect proper and timely service may result in the dismissal of this case. Fed. R. Civ. P 4(m).

## II. Chandler's Motions for Summary Judgment

Chandler has filed two motions for summary judgment, arguing that because the defendants were properly served and no timely answer was filed, the defendants are in default.[2] Several defendants in this case were previously dismissed. Of the remaining defendants in the case, defendant Alan Sands has filed a timely answer. See Fed. R. Civ. P. 12(a)(4)(A). All other remaining defendants have not yet been properly served, as

---

[2] To the extent that Chandler is seeking summary judgment on ground that defendants' counsel's arguments with respect to the issue of improper service constitute "perjury," (Paper 49 at 2), the motion is rejected as meritless.

6

discussed above.  Accordingly, the motions for summary judgment (Papers 48 and 49) are DENIED.

## Conclusion

For the reasons set forth above, the motion to dismiss filed on behalf of defendants Fontaine, Winot, Holden and Feifel (Paper 46) is DENIED, but Chandler must properly serve these defendants within 30 days of the date of this Opinion and Order.  Failure to do so may result in the dismissal of this case.  Chandler's motions for summary judgment (Papers 48 and 49) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of October, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge