UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Charles Chandler, :
    Plaintiff, :
     :
    v. : File No. 1:07-CV-251
     :
Michael Fontaine, Wayne :
Winot, Robert Holden, :
John Feifel, Alan Sands, :
    Defendants. :

ORDER
(Paper 70)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming that the defendants have violated his civil rights. Currently pending before the Court is Chandler's motion to disqualify "the Honorable J. Garvan Murtha from hearing this case . . . ." (Paper 70 at 1). In support of his motion, Chandler contends that the Court committed error in denying his motions for protective orders, and that the need to defend those errors will result in a conflict of interest. The motions for protective order alleged, among other things, that Chandler had been attacked by both the defendants' lawyer and by an individual who is not a party in this case.

Title 28, Section 455(a) requires a judge to "recuse himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The district judge has discretion in the first instance to determine whether to disqualify himself." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (citation omitted). In making this determination, the

district court must "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions." Id. The test focuses on "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." Id.

The scope of 28 U.S.C. § 455(a) "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). Accordingly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555 (1994); LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007). As a result, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

Chandler offers no specific allegation of antagonism, let alone bias by the Court. Instead, he asserts that the Court has "lost control" and that its alleged errors may create a conflict.

2

His arguments center on events that occurred as part of the current proceedings, and do not suggest any extrajudicial source. Whether the Court has erred in its rulings is a matter that may be reviewed by an appellate court. United States v. Sykes, 2008 WL 3049975, at *3 (W.D.N.Y. July 31, 2008) (citing Liteky, 510 U.S. at 554). Potential judicial error is not, however, a ground for recusal. Id. The motion to disqualify (Paper 70) is, therefore, DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of May, 2009.

                                      /s/ J. Garvan Murtha
                                      Honorable J. Garvan Murtha
                                      United States District Judge